## Pecos River Railroad Company v. E. D. Harrington.

### Decided January 5, 1907.

**1.—Railroads—Routing—Deviation—Liability.**

It is, in general, the duty of the initial carrier to obey the instructions of the shipper as to the route, mode of carriage, etc., and it should also transmit the instructions of the shipper to the connecting carrier. Where the route and the connecting carrier are not specified it may usually select for itself, but if they are specified, it will become responsible as an insurer for unnecessary deviation, even though it had not contracted for a through shipment otherwise than as a forwarding agent, or had limited its liability as a common carrier to its own line.

**2.—Conflicting Testimony—Interested Witness—Attorney.**

Where the testimony of defendant's agent and plaintiff's agent was sharply conflicting upon a material issue on the trial, it was error for the court to refuse to allow the defendant to prove that plaintiff's agent, who was also his attorney, was interested in the result of the trial, his fee being contingent upon success in the case.

**3.—Conflicting Issue—Corroborating Testimony.**

On the question whether or not plaintiff acquiesced in the deviation of his cattle from the original route, the testimony being conflicting, corroborative evidence considered, and held improperly excluded.

Appeal from the District Court of Midland County. Tried below before Hon. James L. Shepherd.

*Ed. J. Hamner* and *J. W. Terry*, for appellant.—If the shipper demand of the railway company that his cattle be shipped by a certain route at a given through rate, and under the tariff of the carrier and connecting carriers in force at that time, such through rate did not apply by the route demanded by the shipper, then the shipper can not recover damages for injuries, if any, which are suffered on account of through transportation by the route over which the carrier has the through rate demanded by the shipper. Houston & T. C. Ry. Co. v. Everett, 99 Texas, 269; Houston & T. C. Ry. Co. v. Scott, 99 Texas, 326.

The presumption is that a witness who has no interest in the suit is entitled to more credit than a party to the suit, and where the case of a plaintiff depends entirely upon the testimony of his attorney, who is receiving a contingent fee in the case, and this testimony is contradicted by two disinterested witnesses, it is proper to show to the jury the interest the attorney has in the case that they may pass upon the credibility of his testimony and the weight to be given to it. Adair v. Graham, 17 Texas, 176; 30 Am. & Eng. Enc. of Law, 2d ed., p. 1004, note 2.

*Camp & Caldwell*, for appellee.—The demurrer was correctly sustained, for when appellant refused to route the cattle at appellee's request, over the Rock Island, it became thereby an insurer against all acts, including an act of God. Galveston, H. & H. Ry. v. Allison, 59 Texas, 193; Inman v. St. Louis S. W. Ry. Co., 37 S. W. Rep., 37; San Antonio & A. P. Ry. Co. v. Stribling, 86 S. W.

Rep., 374; 5 Am. & Eng. Ency. of Law (2d ed.), p. 422, sec. 21; Ray Neg. Imp. Duties (freight carr.) sec. 79; Hutch. Carr. sec. 314; Johnson v. New York Cent. Tr. Co., 88 Am. Dec., 416; Bibb Broom Corn Co. v. A., T. & S. F. Ry. Co., 69 L. R. A., 509; Merrick v. Webster, 3 Mich., 268; Express Co. v. Kountz, 8 Wall., 342; Merchants Co. v. Kahn, 76 Ill., 520; 71 Am. Dec., 278; 6 Am. St. Rep., 124; Atchison, T. & S. F. Ry. Co. v. Nations & Slavens, 92 S. W. Rep., 823; Fisher v. Boston & Me. Ry. Co., 68 L. R. A., 390.

Where the negligence of the carrier concurs with the act of God, in causing damage to the property during the transportation, it is liable for the damages caused by such concurring negligence, although it may have been contributed to by the vis major. Atchison, T. & S. F. Ry. Co. v. Nations, 92 S. W. Rep., 823; Gulf, C. & S. F. Ry. Co. v. McCorquodale, 71 Texas, 47; San Antonio & A. P. Ry. Co. v. Barnett, 27 S. W. Rep., 677; Gulf, C. & S. F. Ry. Co. v. Boyce, 87 S. W. Rep., 395; Indianapolis & St. L. Ry. Co. v. Adams, 36 Ill. App., 629; Bibb Broom Corn Co. v. A., T. & S. F. Ry. Co., 69 L. R. A., 509; Jackson v. Wisconsin Telephone Co., 26 L. R. A., 101.

That burden is on appellant to show impossible to detour. Ryan v. M., K. & T. Ry. Co., 65 Texas, 13; Missouri, K. & T. Ry. Co. v. Olive, 23 S. W. Rep., 526; Davis v. Wabash, St. Louis & Pac. Ry. Co., 13 Mo. App., 449; Steele v. Townsend, 79 Am. Dec., 49.

It was incompetent to go into the relations existing between attorney and client, and the amount or kind of fee appellee was paying his attorney was immaterial. Ft. Worth & D. C. Ry. v. Lock, 70 S. W. Rep., 456.

STEPHENS, ASSOCIATE JUSTICE.—Three hundred and ninety-three cattle shipped by appellee from Odessa, Texas, to Everts, South Dakota, were damaged en route, principally by delay at Wellington, Kansas, which was alleged by appellant to have been the unavoidable result of an unprecedented rainfall and flood in that section of the country which had washed away all the railway tracks leading out of Wellington in the direction of Everts. A demurrer was sustained to this part of the answer and judgment was recovered against appellant, in the sum of nineteen hundred and ninety-four dollars, on the ground that it was liable as an insurer because of its refusal when the cattle reached its line at Pecos, Texas, to route them over the Chicago, Rock Island & Pacific Railway from Wellington to their destination, as designated and demanded by the shipper, and of its requiring him instead to reroute them over the Atchison, Topeka & Santa Fe Railway from Wellington to Atchison, Kansas, and thence over the Missouri Pacific Railway to Omaha, Nebraska.

Whether this was a correct application of the principle of deviation may admit of some question, but it seems to the majority of us to have the sanction of authority. Says Mr. Elliott in his work on Railroads, vol. 4, sec. 1440, "It is, in general, the duty of the initial carrier to obey the instructions of the shipper as to the route,

mode of carriage and the like, and it should also transmit the instructions of the shipper to the connecting carrier. Where the route and connecting carrier are not specified it may usually select them for itself, but if they are specified it will become responsible as an insurer for unnecessary deviation, even though it had not contracted for a through shipment otherwise than as a forwarding agent, or had expressly limited its liability as a common carrier to its own line or the like." See cases cited in footnotes, and also Brown & Haywood Co. v. Pa. Co., 65 N. W. Rep., 961, in which the principle was expressly approved that a carrier by misdirecting the goods beyond the end of its own line becomes liable for conversion and therefore an insurer of the safe arrival of the goods.

In the tenth paragraph of the charge the court submitted as a controverted issue whether or not appellee at the time of appellant's refusal to accept the cattle via the Rock Island route or subsequently assented to or acquiesced in the routing via the Atchison, Topeka & Santa Fe and the Missouri Pacific. The evidence bearing on this issue was to some extent conflicting. The testimony of appellee's agent in charge of the cattle was to the effect that the change in the routing at Pecos was made over his earnest protest and under circumstances of duress, while that of appellant's agent tended to prove that no protest or objection was made, and therefore under the circumstances tended to prove acquiescence in the change. True, as contended by appellee, appellant's agent on cross-examination would not positively contradict the testimony of appellee's agent as to the conversation between them about routing the cattle, but did positively deny that he remembered any such conversation. Appellant therefore offered to prove that appellee's said agent (who was also one of his attorneys in this case) was pecuniarily interested in the result of the suit, but the testimony was excluded; and in this we think the court erred. It matters not that this interest was a contingent fee. Nor can we say, as appellee insists, that the jury had the full benefit of the excluded evidence in the fact that the witness was of counsel in the case. Zeal for a client and hope of pecuniary gain do not always have the same influence.

The court also erred, we think, in excluding the testimony of C. O. Brown, as set forth in substance in appellant's statement under the twenty-fourth assignment of error as follows: "Appellant offered to prove by the witness C. O. Brown, agent at Bovina, Texas, the following facts: That appellee showed witness a letter from the agent of the Chicago, Milwaukee & St. Paul, dated May 7, 1903, which advised appellee that if he shipped the cattle over the Santa Fe that they would have to be routed by the Missouri Pacific. That appellee requested a routing over the Rock Island from Wellington, and as the tariffs did not show any rates for routing that way, nor any other rates over the Rock Island, appellee showed the letter to the agent, requesting to see if he could get the cattle routed over the Rock Island. That in pursuance of this request the agent wrote to the traffic manager, who replied that they could not be routed over the Rock Island, but would be routed over the Missouri Pacific from Atchison. That the agent showed this letter

to appellee, when appellee replied that he guessed he would have to let them go that way, that is, by way of the Santa Fe and Missouri Pacific from Atchison. That when the cattle were ready to go from Bovina, appellee said let them go by the Missouri Pacific. That appellee said that he was willing for the cattle to go by the Missouri Pacific. That appellee then shipped the cattle by way of the Atchison, Topeka & Santa Fe to Atchison, which was the route over the Missouri Pacific. That after appellant informed him that there was no through rate over the Rock Island, he never demanded routing over that line. That at the time of the shipment of the cattle from Bovina, appellee told the agent that he had some other cattle coming from down in this country (meaning the Midland country), that he wanted them routed by the Rock Island the same as the others. That this conversation occurred at the time he mentioned routing the Bovina cattle over the Rock Island. That after he was notified that they could not be routed over the Rock Island, he then stated to witness that he wanted the other cattle routed the same as those from Bovina. That the cattle would have been routed over the Rock Island but at local rates, and they would not have been billed on through rates; but that if appellee had demanded a routing by the Rock Island they would have been shipped through that way, but on local rates. That appellee was informed that he could route the cattle to Wellington on the local rate. That appellee was informed that he could not be quoted a rate by the Rock Island." This testimony tended to prove acquiescence on the part of appellee in the selection made at Pecos of the through route, and tended to strengthen its contention that appellee had no right to demand or expect a through shipment by the Rock Island route. His right to ship by that route on payment of the local rates, as claimed by his counsel, is not questioned, but it is hardly probable that he ever intended to insist on any such right. It is claimed in support of the ruling, that this testimony related to a different shipment, and so it did, but not exclusively so, especially when read in connection with testimony that was admitted.

For the errors pointed out the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*