## Fischer v. Stoepler, et al.

(Decided February 19, 1913.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division.)

1. Wills—Construction of.—The testator by his will bequeathed to the children of his deceased son, a piece of land, providing that their mother should have possession of the property as long as she lived and that after her death, it should be equally divided between the children or their heirs. Held: That the children took a vested interest under the will which will not be defeated by their death in the life time of their mother.

2. Wills—Word "Heirs" Word of Limitation and Not of Purchase.—The word "heirs" is a word of limitation, not of purchase, and will be so read unless there is enough in the will to show that the testator used the word in another sense.

BOLDRICK & GOEKE, for appellant.

JOSEPH E. CONKLING, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

William Fischer refused to accept the deed which Margaret Stoepler and her five children tendered him on the ground that their title to the property was not good. The case turns on the proper construction of the will under which the property is held. The provision of the will is in these words:

"I give and bequeath to the children of my deceased son, William Stoepler, (William, Henry, Edward, Albert and Emma Stoepler) the house and lot on the Southwest corner of Shelby and Marshall Street in the City of Louisville, but it is my absolute will that their mother, my daughter-in-law, Margaret Stoepler, widow of my deceased son, William Stoepler, shall have full and sole possession of the above named property as long as she lives for her only and sole use and benefit, and after her death

the same shall be equally divided between her above-named children or to their heirs."

It is insisted for Fischer that if any of the five children should die before their mother, their interest in the property will be defeated, and in that event their heirs would take the property, and his title would not be good. The circuit court rejected this view and Fischer appeals.

It will be observed that the testator in the beginning of the clause gives the property to the children of his deceased son, and this gift is qualified by the provision that their mother shall have possession of the property as long as she lives. These words are then added: "And after her death the same shall be equally divided between her above-named children or to their heirs." Practically the same question which is made here was before this court in Williams v. Williams, 91 Ky., 547. In that case the testator devised certain property to his son, and added: "My wife shall have one-third of my landed estate during her natural life and at her death the whole of my landed estate goes to my son or his heirs." It was held that the son took a fee that vested at the testator's death, the word "or" being read as equivalent to "and." In that opinion the previous cases on the subject are collected and discussed. That case was followed in the construction of a similar will in Driggs v. Plunkett, 32 R., 291, Ochs v. Kramer, 32 R., 762. The word "heirs" is a word of limitation and not of purchase, and it will be read in its proper legal sense unless there is something in the instrument showing that the testator did not use it in this sense. Clay v. Clay, 2 Duv., 295; Pritchard v. James, 93 Ky., 306; Scott v. Nall, 20 R., 188; Underwood v. Magruder, 27 R., 1165. The heir takes from his ancestor and a limitation to a person or his heirs is a limitation to him; for the word "or" must be equivalent to "and."

There is a class of cases in which the testator by his will expressly shows that only the children living at the death of the life tenant are to take the property. See Aultman v. Gibson, 67 S. W., 67; Dohn v. Dohn, 110 Ky., 884, Schneider v. Hozhauer, 134 Ky., 33. But these cases have no application to a will like that before us.

Judgment affirmed.