## State Bank of Eau Gallie v. Rose's Administrator, et al.

(Decided April 29, 1927.)

### Appeal from Garrard Circuit Court.

1. Wills.—The intention of the testator, when ascertainable from the language used, controls, regardless of collateral and subsidiary rules which may be employed in arriving at an obscurely expressed intention.

2. Wills.—Under a will devising land to widow for life and providing that on her death the land should be sold, and the proceeds divided among six named children, but that, if either of them should be dead, the share of such one should go to his or her heirs, the death of a child before the life tenant died defeated his interest, and his heirs took his interest directly.

3. Wills.—In will providing that on the death of the life tenant land should be sold, and the proceeds divided among named children, "and if either of them be dead the share of such one to go to his or her heirs," the words "his or her heirs" cannot be read as words of limitation.

4. Wills.—In will providing that on the death of life tenant land should be sold and proceeds divided among named children, "and if either of them be dead the share of such one to go to his or her heirs," the words "if either of them be dead" refer to the time of the death of the life tenant.

ROBINSON & KAUFFMAN for appellant.

LEWIS L. WALKER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This case involves the construction of the will of G. B. Rose. By clause III of that will, the testator devised to his wife, Jane M. Rose, a farm of 100 acres at Camp Dick Robinson in Garrard county, Ky., for her life. Clause V of that will reads:

> "After the death of my wife, I direct that said 100 acres of land at Camp Dick Robinson in Garrard county, Kentucky, mentioned above, be sold as soon as possible by my executor at public auction to the highest bidder and said executor to make deed to the purchaser, and the proceeds of said sale of land I give to my said six children, to wit, Robert L. Rose, William C. Rose, Mrs. Etta Belle Bowling, Bacon C. Rose, Grover Cleveland Rose, Samuel J. Rose, share and share alike, and if either of them be dead the share of such one to go to his or her heirs."

G. B. Rose died in March, 1919. His widow, Jane M. Rose, died in December, 1925. Their son, Grover Cleveland Rose, died in July, 1923. The question presented by this record is what interest did Grover Cleveland Rose take in the 100-acre farm above mentioned. The appellant contends that he took a fee-simple interest in an undivided sixth of the farm subject to his mother's life estate. The appellees contend such interest as he took in the land was defeated by his death prior to that of his mother; his heirs taking that interest by reason of such defeasance. The lower court agreed with the appellees and entered judgment accordingly. The appellant appeals.

The fundamental rule for the construction of a will is to ascertain the intention of the testator and in arriving at that intention the courts should look to the language he employed. If in so doing his intention can

be ascertained, that intention controls, regardless of collateral and subsidiary rules which may be employed in arriving at the intention when it is obscure. Jones v. Jones' Ex'rs, 198 Ky. 756, 250 S. W. 92. The will before us says that, on the death of the life tenant, the farm is to be sold and the proceeds divided among six named children, but that if either of them be dead, the share of such one to go to his heirs. The testator could hardly have said more plainly than he did that, if any one of his children were dead when the life tenant died, there should be a defeasance of his or her interest. The words "his or her heirs" in this fifth clause of the will cannot be read as words of limitation. In the case of Reeves v. Tomlin, 213 Ky. 547, 281 S. W. 522, the devise was to a tenant for life and then to "Plumma Norman and his bodily heirs after his death, and if my said son should die leaving no bodily heirs then this bequest shall revert" to certain others. In construing this devise, we said:

> "The property is devised to Plumma Norman and his bodily heirs after his death. The words 'bodily heirs' cannot be read as words of limitation. The property is devised to the bodily heirs after the death of Plumma Norman. . . . So the effect of this clause of the will is a devise of the property to Plumma Norman for life, with the remainder at his death to his bodily heirs. Such a devise was a fee at common law in the father, but section 2345, Kentucky Statutes, provides:
>
> " 'If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendant.'
>
> "Under this statute it must be held that Plumma Norman takes only a life estate in the property with the remainder in fee simple to his bodily heirs at his death."

If the words "bodily heirs" were not words of limitation in this devise, neither are the words "his or her heirs" such in the will under discussion.

In Lusby v. Taylor, 30 S. W. 396, 17 Ky. Law Rep. 65, the devise was to a tenant for life, then to "be equally divided among my three children and George Tingle, son

of my wife, or, in case of the death of either before the death of myself and wife, then among their legal representatives.'' One of the children died before the life tenant. We held that the children took an estate subject to being defeated upon his or her dying before the death of the life tenant and that the estate of the one who did die before the life tenant was thereby defeated.

These cases are conclusive of the question here presented. The cases of Underwood v. Magruder, 87 S. W. 1076, 27 Ky. Law Rep. 1165, Williams v. Williams, 91 Ky. 547, 16 S. W. 361, and Fischer v. Stoepler, 152 Ky. 317, 153 S. W. 420, relied upon by appellant, construe devises of very different wording from that of the one here involved and are plainly distinguishable.

The parties to this appeal do not seem to be at issue on the question whether if the words ''his or her heirs'' in this fifth clause be not words of limitation, then the words ''if either of them be dead'' refer to the time of the death of the life tenant or not. That they do refer to such time is settled by the recent case of Atkinson v. Kern, 210 Ky. 824, 267 S. W. 977.

The judgment of the lower court being in accord with our views, it is affirmed.