## Darch et al. v. Darch's Executor et al.

(Decided February 4, 1930.)

TURNER & CREAL, J. K. ROBERTS and G. W. PENDERGRASS for appellants.

EARL B. ROSE, J. F. SUTTON and C. D. STAMPER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Samuel Darch died June 10, 1910, the owner of real estate and other property in Lee county. He left a will which was duly admitted to probate, and the executor qualified and took charge of the estate. His widow died on August 6, 1921. On December 21, 1927, his two sons, John S. Darch and William F. Darch, his only heirs, brought this action against the executor, praying, in substance, that they be adjudged the owners of the estate, and that the executor be adjudged to turn it over to them. The will, after providing for the support of his wife and children, so far as material, is in these words:

"Second: It is my will that my children shall have all the income which may accrue from any source, out of my estate, except the provisions herein made for my wife, and children's support, and should my said wife, forfeit her rights, then the whole of said income shall, by my executors, be applied to the benefit of my said children, for their use only, as they may see fit, and my executors are directed to pay to my said children equally any such sums as may come to their hands, with the request that they (my said children) apply and appropriate the money so paid to them to a profitable and legitimate business.

"Third: It is further my will that none of the principal, including my real estate, shall be applied to, or for the purposes herein stipulated, but that only the interest or income from my said estate, shall be applied as herein directed; that my said

children shall not have power in any event, to use or consume any part of the principal making up my estate, for any purpose whatever, but, should my said children leave surviving them heirs of their body, or any illegitimate children, who may have been, by proper orders and decrees of a court of competent jurisdiction, adopted, and in and under that condition only, shall my entire estate vest and remain in them, to have and to hold, enjoy, as to their liking may be, but, there shall be an equal division between their offspring as aforesaid.

· "Fourth: It is further my will that in the event that none of my children shall leave surviving them any offspring as aforesaid, then it is my will, that not exceeding Five Thousand ($5,000) Dollars, out of my estate be apportioned to the erection of a Masonic Hall in Beattyville, Kentucky, under the following conditions, only: That said lodge change its name from Proctor Lodge No. 213 to Darch Lodge No. 213 and, further, that said lodge, if this donation is accepted, shall purchase a site for said building somewhere on Main street, between Upper and Lower Stufflebean Creeks in said town and under no circumstances shall this amount be, or become available to said lodge unless the conditions herein are complied with.

"Fifth: It is further my will that should said children die without issue, and said Masonic Lodge shall fail under the conditions herein, that my estate, shall be equally divided between my brother, Walter Darch, and my sisters, Susan Darch and Clara Darch, now residing in Canada."

The plaintiffs alleged in their petition that Walter Darch, Susan Darch, and Clara Darch, the brother and sisters of the testator, had by deed conveyed to them all the interest they took under the will, and that the Proctor Lodge No. 213 had not changed its name to Darch Lodge No. 213, or accepted the donation, or purchased a site for the building named in the will. The circuit court sustained a general demurrer to the petition. The plaintiffs appeal.

The Masonic Lodge under the fourth clause of the will takes nothing unless none of the children shall leave issue surviving them. The donation does not take effect until then and the lodge has lost none of its rights by

failing to take any action, for it cannot know its rights until the condition occurs. The devise to the brother and two sisters, under the fifth clause of the will, only takes effect if the children die without issue, and, as the sons are still living, their conveyance adds nothing to the present title of the sons, because they take no interest in the property until the condition happens. So the only real question in the case is: What present interest do the sons take under the will? In State Bank v. Rose, 219 Ky. 562, 293 S. W. 1087, 1088, the court said: ''The fundamental rule for the construction of a will is to ascertain the intention of the testator and in arriving at that intention the courts should look to the language he employed. If in so doing his intention can be ascertained, that intention controls, regardless of collateral and subsidiary rules which may be employed in arriving at the intention when it is obscure.''

It is earnestly insisted for the appellants that under the will the sons take an estate tail, which is a fee under section 2343, Kentucky Statutes, but plainly this is not the testator's intention as shown by all the provisions of his will. He directed that his children receive all the income which may accrue from the estate, and the executors are directed to pay the children equally the income, but these payments can only be made while the children are alive. He also directs that none of the principal of the estate shall be paid to the children, and that the children shall have no power to use or consume any part of the principal of the estate, and he then directs that, should any of the children leave surviving heirs of their bodies or any illegitimate children who have been regularly adopted, then ''under that condition only shall my estate vest and remain in them to have and to hold and enjoy as to their liking may be, but there shall be an equal division between their offspring as aforesaid.'' The pronouns ''them'' and ''their'' are used in this sentence loosely, and the meaning must be determined from reading the will as a whole. The words ''vest and remain in them'' cannot refer to the children, because this clause only applies when the children are dead, and by the preceding clause the testator had provided that the children should take nothing in the principal of the estate and should only have the income. One sentence in the will will not be read as conflicting with another, and it cannot mean that the children who are dead shall

have and hold and enjov the property as to their liking may be. These words must refer to the persons who are to take the estate at the death of the children. The remainder of the sentence is simply a provision for an equal division of the estate between the people who take it at the death of the sons, and must not be read as inconsistent with the preceding words, but must be read as consistent with the words, "to have to hold and to enjoy as to their liking may be." They would not have or hold the property to enjoy it "as their liking may be" if at their death it must be equally divided between their offspring. The equal division is an equal division between the offspring of the two sons. This construction makes all the provisions of the will consistent. Taking the will as a whole, and reading this clause in connection with the two subsequent clauses, it is clear that the testator only intended to provide for the contingency of his sons dying without issue and for the equal division of the estate in case they died leaving issue. The circuit court properly so held. Reeves v. Tomlin, 213 Ky. 547, 281 S. W. 522.

Judgment affirmed.