**STURDEVANT et al. v. HOOPER.**

No. 1817.

Court of Civil Appeals of Texas. Waco.

Jan. 7, 1937.

Rehearing Denied Feb. 4, 1937.

Touchstone, Wight, Gormley & Price and H. W. Strasburger, all of Dallas, and Frazier & Averitte, of Hillsboro, for plaintiffs in error.

Houtchens & Houtchens, J. Harold Craik, and J. Elwood Winters, all of Fort Worth, and J. E. Clarke, of Hillsboro, for defendant in error.

ALEXANDER, Justice.

Sims Hooper brought this suit against G. H. Sturdevant, J. T. Carroll, Rentz Gullick, and George Colbath to recover damages for personal injuries sustained by him as a result of an automobile collision on a public highway. The plaintiff alleged that the defendants, Sturdevant, Carroll, and Gullick, were partners engaged in the purchase of fruits and vegetables in the Rio Grande Valley and the transportation to and sale thereof in Dallas and other North Texas towns, and that Colbath, their servant, while driving an automobile truck for said firm, collided with plaintiff and injured him. The jury, in answer to special issues, found that a partnership relation existed among defendants, Sturdevant, Carroll and Gullick, in the handling of fruits and vegetables at the time in question; that the automobile truck which caused the damage was being used at the time to haul fruits and vegetables for said firm; and that the defendants and their servant were guilty of certain acts of negligence which proximately caused plaintiff's damages. The trial court rendered judgment for the plaintiff against the defendants, jointly and severally, for the sum of $5,650, in accordance with the findings of the jury. The defendants sued out a writ of error to this court.

The plaintiffs in error contend that the evidence was insufficient to authorize the court to submit to the jury the issue as to a partnership relation among Sturdevant, Carroll, and Gullick. All of the evidence on the issue of partnership came from the three alleged partners and is without dispute. This evidence shows that said three partners were engaged in the business of buying fruits and vegeta-

bles in the Rio Grande Valley and transporting said produce to and selling the same in Dallas and other North Texas cities. Carroll furnished the capital for the purchase of said produce and an automobile truck for the transportation of same to Dallas and other North Texas cities. Sturdevant purchased the produce in the valley and transported it to the place of sale, making approximately two trips per week, and Gullick assisted in locating the place where the produce was to be bought, sold it after it was delivered at its destination, and kept the books for the business. After all expenses were paid, the profits were divided equally among the three parties. There never had been a loss, but it seemed to be the understanding that, if a loss should occur, it would be borne by Carroll alone, except that Sturdevant and Gullick would lose the time and labor contributed by them. This relationship had existed and the business had been so carried on for two or three years prior to the time in question. We think the evidence established a partnership. It is generally held that those persons are partners who contribute property, money, labor, and skill or some or all of them to carry on a joint business for their common benefit, and who own and share the profits thereof in certain proportions. 32 Tex.Jur. 216; 47 C.J. 640; Thompson v. Schmitt, 115 Tex. 53, 274 S. W. 554. The evidence in this case discloses that the three parties in question were engaged in a common enterprise with a community of interests therein. Each contributed either money, equipment, skill, or labor. The business was prosecuted for the joint benefit of all the parties and each had a right to share in the profits, not merely as compensation for services rendered, but as joint owners thereof. Under these circumstances, a partnership relation existed among the parties. Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S.W. 122, 124, Ann.Cas.1916E, 446; Southern Surety Co. v. Texas Employers' Ins. Ass'n (Tex.Civ.App.) 2 S.W.(2d) 310 (writ ref.), and authorities there cited; Giddings v. Harding (Tex.Com.App.) 267 S.W. 976. The fact that by special arrangement some of the members were not required to share the losses incurred in the capital invested did not necessarily render the combination any the less a partnership. Bivins v. Proctor (Tex.Civ.App.) 49 S.W. (2d) 824, Id., 125 Tex. 137, 80 S.W.(2d)

307; 20 R.C.L. 930; Ann.Cas.1916D, p. 825; L.R.A.1917E, p. 879.

Plaintiffs in error contend that it was error for the trial court to render judgment against Carroll and Gullick in the absence of a finding by the jury that Colbath, the driver of the truck, was their employee. The evidence was undisputed that Sturdevant, one of the partners, was authorized to employ an assistant to help drive the truck but that he was required to pay such employee out of his own share of the profits. He had, with the knowledge and consent of the other members of the firm, employed such helpers on other occasions. It is undisputed that Sturdevant employed Colbath to drive the truck on the occasion in question and that Sturdevant was on the truck with Colbath at the time of the collision. It appears that the truck was being run day and night and that Sturdevant and Colbath were taking turn about, one driving while the other slept. They were hauling a load of produce for the firm at the time. Under these circumstances, the firm, and each member thereof, was liable for Colbath's negligence. Since the facts establishing Colbath's agency were undisputed, there was no necessity of submitting the issue to the jury. 41 Tex.Jur. 1027, 1079.

The only other ruling necessary to be considered is the assignment that the court erred in excluding certain evidence. It was material to show the relative position of plaintiff's automobile and the truck at the time of the collision. Morrell, a witness for the defendants, testified that he examined the premises at the scene of the accident shortly after the accident occurred and that the marks made by plaintiff's automobile were on plaintiff's left-hand side of the road. On cross-examination, said witness admitted discussing the matter with Mr. Houtchens, counsel for plaintiff, at the scene of the accident a few days after the accident had occurred, but denied having told said counsel that the marks of the plaintiff's automobile showed that he was on his right side of the road. Said counsel for plaintiff then took the witness stand as a witness for plaintiff and testified that Morrell had pointed out to him the place where plaintiff's automobile had marked the road, and that said marks were on plaintiff's right side of the road. Counsel for defendant then asked the witness, counsel for plaintiff, if he was not in-

terested in the outcome of the case to the extent that he was representing the plaintiff on a contingent fee. The trial court sustained plaintiff's objection, and the witness was not required to answer the question. This ruling is assigned as error. We think very clearly the evidence was admissible. 70 C.J. 952; Pecos River R. Co. v. Harrington, 48 Tex.Civ.App. 346, 99 S.W. 1050; West Lumber Co. v. Morris & Barnes (Tex.Civ.App.) 257 S.W. 592, and authorities there cited. But the real question to be determined is whether or not the error is of sufficient weight to require the reversal of the judgment of the trial court. The testimony given by the witness, Houtchens, did not pertain to one of the main issues of the case, but his evidence had the effect only of impeaching or discrediting Morrell, and the evidence excluded was admissible only for the purpose of impeaching or discrediting Houtchens. In other words, the effect of the ruling of the trial court was merely to exclude evidence offered to impeach a witness who had testified to circumstances tending to impeach another witness who had testified to facts concerning the accident. The evidence excluded was so remotely connected with the issue to be decided by the jury that its exclusion, in our opinion, does not require a reversal of the judgment. The jury knew that Houtchens was attorney for plaintiff. It was also in evidence that he was an uncle of the plaintiff and therefore biased in his favor. The location of the marks made by plaintiff's automobile was fully developed by photographs and by other first-hand witnesses. Moreover, Morrell, who was attempted to be discredited by the testimony of Houtchens, testified concerning only one of the acts of negligence of which the defendants were found guilty; that is, that defendants' truck was on the wrong side of the road. In addition to a finding of negligence in that respect, the jury found that the truck was overloaded, running too fast, was wider than the law permitted, and was being operated at nighttime without adequate lights and reflectors. Upon a consideration of the whole case, it does not appear that the exclusion of the evidence referred to prevented plaintiffs in error from making a proper presentation of their defense or that it caused the rendition of an improper judgment. It is hardly probable that this evidence, if it had been admitted, would have brought about a different result. Consequently, the error of the trial court in excluding the evidence does not require a reversal of the judgment appealed from. 3 Tex. Jur. 1260, § 882; Rule 62a; Plunkett v. Simmons (Tex.Civ.App.) 63 S.W.(2d) 313, par. 8, and authorities there cited.

The judgment of the trial court is affirmed.