## Hayes, et al. v. Hayes, et al.

(Decided September 19, 1913).

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Wills—Construction of.—In the construction of wills the entire instrument must be taken into consideration in order to ascertain the meaning and purpose of the testator; and in construing a devise the word "or" will be changed to "and" when necessary to effectuate the true intention of the testator.

2. Wills—Construction of.—The word "heirs" and "their heirs" are technically words of limitation, but when used in wills they will be construed as words of purchase when it sufficiently appears that the term is used to designate a particular person or persons who may stand in that relation at the happening of a certain event, or at a certain period, and not to the whole line of heirs in succession.

3. Wills—Rules for Interpretation of.—The three following general rules are deduced from the decisions of the Kentucky Court of Appeals for the interpretation of wills:

First: Where there is a devise by a father or mother to a son, daughter, or blood relation, in which the language "to him and his children forever" is used, the word "children" has been construed as meaning "heirs," and they take no interest in the property devised;

Second: In devises to a blood relation and his children, where the word "forever" is not used following the word "children," the children take a fee subject to the life estate of the parent; and

Third: In devises by a husband to his wife and her children, the children take the fee and the parent the life estate.

4. Wills—Construction of.—Other clauses of a will frequently throw light upon the clause submitted for construction, and in such cases the court can be governed by no fixed rule, but must determine by the language used in the will, as a whole, the character of the estate devised.

5. Wills—Construction of.—A will which devises all of the testator's property to his wife for life, with remainder to his daughter Alice, "or her heirs," Pauline, John, Elva, Richard, William and Margaret, and in subsequent clauses required the real estate to be held intact until Pauline became twenty-one years of age, when the property should be sold and one-sixth thereof delivered to Pauline, and the remaining five-sixths to be divided among the other five heirs as each attained his majority, Alice took a life estate, with the remainder to her six children in fee.

CHARLES W. MILNER, guardian ad litem, and LOGAN & MILNER for appellants.

STANLEY R. WOLF for appellees.

Opinion of the Court by Judge Miller—Reversing.

John S. Wood died on January 25, 1911, leaving the following will:

"I, John S. Wood, of 36th and Woodland Ave., Parkland, addition of Louisville, Jefferson County, State of Kentucky, being of sound mind and capable of exercising my reasoning faculty and without persuasion from any source whatever, do hereby of my own free will and accord, will and bequeath my estate as follows:

"To my beloved wife, Nancy Jane Wood, all of my property, both personal and real estate, insurance moneys, pension moneys, together with any moneys due me from any source whatever, or that may be found upon my person or premises at the time of my death or thereafter, to keep and enjoy the profits thereof until her death, unless she should remarry in which event the entire estate is to be subject to the same condition as if she had died, which I will now state as follows:

"In the event of the death of my wife, my entire estate is to revert to Alice V. Hayes, who at the time of this writing lives at, or near Eleventh and Chestnut St., this city, or her heirs, Pauline Hall Hayes, age 15 years, Jno. Granton Hayes, age 14 years, Elva Lee Hayes, age 11 years, Richard Edgar Hayes, age 10 years, Wm. Ballard Hayes, age 8 years, and Margaret V. Hayes, age 6 years.

"This real estate property is to be held intact until Pauline Hall Hayes, the eldest heir, is 21 years of age.

"I hereby appoint as my executor, of this will, and trustee of my estate, Geo. Hunt McAllister, of Louisville, Ky., who shall execute a bond which shall be approved.

"He shall have power to collect all moneys due me from any source whatever, pay funeral expenses, and he is further empowered to pay all lawful debts using the balance of my insurance due me from other parties, also to sell such personal effects as cows, hogs, chickens and etc.

"After all debts have been paid he shall invest the balance of the money for the benefit of my wife, Nancy Jane Wood, for her personal use and maintenance.

"My executor is further empowered that after the death of Nancy Jane Wood, and Alice V. Hayes, and when the eldest child, Pauline H. Hayes, becomes 21 years of age, to sell all my property giving to Pauline H. Hayes 1-6 of the estate in cash, putting the remainder of the money on interest to be divided among the other five heirs as each becomes twenty-one years of age."

Alice V. Hayes is the daughter of John S. Wood; and this appeal by the guardian *ad litem* of the infant defendants, who are the children of Alice V. Hayes, presents a controversy between Alice V. Hayes and her children as to their respective rights under said will. The guardian *ad litem* contends that the infants take either a vested remainder in the estate of John S. Wood, or a joint estate with their mother, Alice V. Hayes; while Alice V. Hayes contends that she takes an absolute fee in remainder, subject to the life-estate of the widow, Nancy Jane Wood. The chancellor was of opinion that Alice V. Hayes took a fee simple title upon the death or remarriage of Nancy Jane Wood, if Alice should then be living; otherwise to her children in fee; and from that judgment the infants prosecute this appeal.

The appellants contend that the clause of the will which directs that in the event of the death of the testator's wife his entire estate should go to his daughter, Alice, "*or* her heirs," naming them, should be read "*and* her heirs," in order to arrive at the true intention of the testator; and that the word "heirs" when so used, is a word of purchase and not a word of limitation, since it would then sufficiently appear that the term "heirs" was used to distinguish particular persons who might stand in that relation at the happening of a certain event, and not the whole line of heirs in succession. On the other hand, it is contended on behalf of Alice V. Hayes that the words, "or her heirs," as used in the will, are to be considered as words of limitation and not of purchase.

It is an elementary and well established principle of law in the construction of wills that the entire instrument must be taken into consideration in order to ascertain the meaning and purpose of the testator, and in construing a devise the word "or" will be changed to "and" when necessary to effectuate the true intention of the testator. Williams v. Williams, 91 Ky., 547.

Counsel for appellants concede that if the testator had provided that upon the termination of the life-estate of his widow the property should revert to "Alice V. Hayes and her heirs," and had made no further provision, there might be an impelling necessity for presuming that the testator used the word "heir" as a word of limitation; but that in mentioning the heirs by name, the presumption is changed since he thereby placed emphasis upon them as the takers under the will and used the

word "heirs" as a secondary term and merely descriptive of and as a substitute for "children," and, therefore, as a word of purchase.

In Ebey v. Adams, 135 Ill., 80, 10 L. R. A., 162, the testator, as in the case before us, devised his estate to his widow during her life or widowhood, and upon her death or remarriage, the residuum of the estate, after paying certain specific legacies, was devised to the testator's "children," or "their heirs," to-wit (naming his six children), share and share alike.

In upholding the claim of the children to take as purchasers, the Illinois Supreme Court said:

"The words 'heirs' or 'their heirs' are technically words of limitation; but in this and other cases they are used as words of purchase, and always have that operation when it sufficiently appears that the term is used to designate a particular person, or particular persons, who may stand in that relation at the happening of a certain event, or at a certain period, and not to the whole line of heirs in succession. No one can have heirs while living. The word 'or,' therefore, as here used, indicates substitution; and the payment or distribution is to be made at a fixed period, i. e., upon the sale by the executors, after the termination of the intermediate estate. It would seem clear, therefore, that the persons who are to take are such of the children as might be living at the time of the distribution and the heirs of such as might have predeceased."

In Wren v. Hynes, 2 Met., 129, the devise was of certain bank stock to be "equally divided among all my surviving children, or their heirs." It was held that the words "or their heirs" were used, not as words of limitation, but as words of purchase, and that they were intended to operate as an alternative devise or a devise over, in the event that any of the children should die leaving issue, before the period of distribution. The court there further held that extrinsic evidence afforded by other provisions of the will was proper to be considered in arriving at the construction given. See, also, Robb v. Belt, 12 B. M., 643.

In Feltman v. Butts, 8 Bush, 115, the will read as follows:

"I now give the said lot to my brother, Samuel, during his life, and after his death I will said lot to his heirs."

The court held that the word "heirs" as there used in reference to a living person, as the ancestor, means, in its popular sense, children who are heirs apparent, and that as Samuel had living children at the date of the will, the court should not hesitate to conclude that the testator used the word "heirs" in the instrument in place of and for the word "children."

In Underwood v. Magruder, 27 Rep., 1165, 87 S. W., 1046, the devise was to Walter Ellen Magruder for life, with remainder 'to Mary Jane Slemmons and her heirs." After pointing out that the word "heirs" as generally used is a word of limitation and not of purchase, the court further said:

"It is true that there are a few cases in which the word 'heirs' in a deed or will has been held synonymous with 'children,' but in all these cases the ruling rests upon the ground that there was nothing in the instrument to show that the word was not used in its ordinary sense as a word of limitation, but in the sense of child. There is nothing in the instrument before us to give the word any other than the usual meaning."

In Naville v. American Machine Co., 145 Ky., 344, 349, the court reviewed the cases at some length and deduced therefrom the following general rules of construction:

"From the foregoing we are enabled to divide the decisions of this court, bearing upon the question under consideration, into three general classes: First, devises by a father or mother to a son, daughter, or blood relation, in which the language 'to him and his children forever' is used; second, devises to a blood relation and his children where the word 'forever' is not used following the word 'children;' and third, devises by a husband to his wife and her children. In all those cases falling within the first class the word 'children' has been construed as meaning 'heirs,' and under this construction it has been held that they took no interest in the property devised. In the second class of cases it has been held that the children took a fee, subject to the life estate of their parent. And in the third class of cases the children have been held to take the fee and the parent the life estate, the opinion in the cases falling within this class being rested, as stated, upon the idea that the testator, while wanting his wife to have the full use, benefit and enjoyment of his property during her life, would not want it,

after her death, to pass to those strangers in blood to him."

See also Dicken v. Dicken, 151 Ky., 440.

Applying the foregoing rules to the will in the Naville case, where the devise was "to my beloved daughter, Anna Marie Naville (nee Seiler) for her to enjoy for herself and her children forever," that case fell in the first class, Mrs. Naville taking a fee.

Of course, many cases will not come within the scope of either rule announced in the Naville case, but if the words of the devise do so bring it, the case is of easy solution.

By applying the rules to the case at bar where the devise was to the widow for life or widowhood, and after her death or marriage, to the testator's daughter, Alice V. Hayes "or her heirs, Pauline Hall Hayes, Jno. Granton Hayes, Elva Lee Hayes, Richard Edgar Hayes, Wm. Ballard Hayes and Margaret V. Hayes," we find that while it does not fall squarely within any one of the three rules, it is in effect a case of the second class, where Alice V. Hayes would take a life estate, with remainder to her six children in fee. This construction must be given to this will upon the words of devise, and without any assistance from other clauses of the will, since it is clear beyond question that the word "heirs," as here used, means the children named. The devise being therefore, in effect, to Alice V. Hayes and her children, it falls within the second class, and the children take the fee subject to the life estates.

But if there should be any doubt of this conclusion reached from a consideration of the devising clause alone, it will be readily removed by a consideration of the other clauses of the will. Those cases in which the construction usually given to a devising clause is changed by some other clause of the will are not infrequent, and may be said to constitute a fourth general class.

The court had this class of cases in mind when it used the following language in the Naville case, *supra*:

"Of course, in the multiplicity of suits involving the construction of wills, many cases will be found that are not properly assignable to any of these classes. Other clauses in the will frequently throw some light upon the clause submitted for construction, and in such cases the court can be governed by no fixed rule, but must determine from the language used in the will as a whole the character of estate devised.

"In Webb & Harris v. Holmes, 3 Ben Mon., 404, the devise was to the mother and her children forever, but because of other language in the will showing an intent on the part of the testator that the mother should take only a life estate and the children the remainder, the court so decided. But in the absence of this other language, which exercised a controlling influence in the construction of that will, it would undoubtedly have been held to fall within the first class. Smith v. Smith, 119 Ky., 899, and Harkness v. Lyle, 132 Ky.. 767, also illustrate this principle."

Looking to the other provisions of the will of John S. Wood, we find a clause in which he directs his real property "to be held intact until Pauline Hall Hayes, the eldest heir, is 21 years of age." She was then fifteen. Moreover, he speaks of her as "the eldest heir," of her mother, meaning evidently to speak of her as the eldest child of her mother. Again, the executor is directed to hold the residuum of his estate intact for the benefit of the widow for life, and is not to be sold until after the death of both widow and Alice V. Hayes, "and when the eldest child, Pauline H.. Hayes, becomes 21 years of age." If it had been intended that Mrs. Hayes should take the fee, for what possible purpose was the real estate to be held together, not only during her life, but until her "heir" Pauline should attain her majority? In a subsequent clause the executor is directed to sell all the property when the eldest "child" Pauline becomes of age. Furthermore, why was the remaining five-sixths of the estate directed to be held " 'on interest to be divided among the other five heirs, as each becomes twenty-one years of age," if the testator had intended that their mother should take the fee, in all probability many years before the younger children could reach their majority?

In short, the will gives the fee in remainder to the six children of Alice V. Hayes, by name, calling them her "heirs," and directs it to be held in trust until Pauline, the eldest "child," becomes twenty-one years of age, when she is to receive her share, and the other five children, again called heirs are to receive their several shares as each becomes 21 years of age. The conclusion is irresistible that the testator used the term "heirs" synonymously with "children," and that he intended the infant appellants, who were his grandchildren, should take the fee after the termination of the two life estates.

Appellee relies upon Underwood v. Magruder, 27 Ky.
L. R., 1165, 87 S. W., 1076, above cited; Childers v. Lo-
gan, 23 Ky. L. R., 1239, 66 S. W., 124; Hazelwood v.
Webster, 25 Ky. L. R., 1388, 78 S. W., 123; Dotson v.
Kentland Coke & Coal Co., 150 Ky., 60, and Edwards
v. Cave, 150 Ky., 272, to sustain the judgment of the
chancellor. An examination of these cases will show
that none of them is inconsistent in principle with the
conclusion here reached.

Underwood v. Magruder has been heretofore con-
sidered and needs no further comment.

In Childers v. Logan the devise was to the wife for
life, with remainder as follows:

"I will that at the death of my wife, that my daugh-
ter Addy, and her children, and Charley, my son, and
his children, have a homestead and cottage, together with
the twenty acres of land."

The question was, what interest was taken by the
daughter Addy, and the son Charley, in the twenty acres?
These words, when taken alone, bring this devise square-
ly within the second rule laid down in the Naville case—
the devise being to blood relations and their "children"
—where the children of Addy and Charley would ordi-
narily have taken the fee subject to the life estate of their
parents. But in reading in connection with this clause,
another clause in which the testator gave to "Addy and
her children, and Charley and his children, $5,000, the
money to be invested in bank stock until they are 25
years of age," the court was forced to give the same
meaning to both clauses; and, as the $5,000 was evidently
given to Addy and Charley absolutely, although their
children were nominally joined in the gift,, it followed
that the devise of 20 acres under precisely the same
terms, must be given the same effect. This was a case
of the fourth class, where a different clause of the will
showed that the words "their children" were used in the
sense of "their heirs," and were words of inheritance
and not of purchase, thus giving the fee to the first
takers.

In closing the opinion, the court said:

"If the testator had simply used the word children
in the manner in which they were used in the clause of the
will by which he devised the twenty acres of land, we
would be very much inclined to hold that he used them
as words of purchase. But it is so evident that he used
the word "children" in the sense of "heirs" in the de-

vise of the $5,000, that we must conclude that he intended to use them in exactly the same sense in the devise of the twenty acres of land.''

In Hazelwood v. Webster the devise was to ''my above-named children—and their heirs forever.'' From a reading of the entire will, and the changes made by the codicil, the court came to the conclusion that the testator really intended to invest his children with the absolute fee, thus likewise bringing that case within the fourth class.

In Dotson v. Kentland Coal & Coke Co., the grant was to ''Daniel B. Smith and Lydia Smith, bodily heirs, Mary B. Smith and their heirs.''

The court said:

''Unless there is something in the deed in question, showing that the words 'bodily heirs' were used in the sense of children, or as words of purchase, they must be treated as having been used by the grantors, in their technical sense, as words of limitation; and the effect of such words, so used, is to create an estate tail, which has been by statute, section 2343, converted into a fee. Handy v. Harris, 32 Rep., 224; Lawson v. Todd, 129 Ky., 132; Pelphrey v. Williams, 142 Ky., 485.

''A familiar rule of construction is, that, where the language used is so ambiguous and uncertain that it cannot, with satisfaction, be determined what estate the grantor intended to convey, that construction will be adopted which passes the fee, rather than a less estate, for the law favors the vesting of estates. Moore v. Sleet, 113 Ky., 600; Baxter v. Bryan, 123 Ky., 235; Tanner v. Ellis, 127 S. W., 995. * * *

''We are unable to tell what estate the grantor intended to convey, and we, therefore, give to the words used their strict legal significance and hold that, under said conveyance, the fee simple title passed to Daniel B. and Lydia Smith, and, by their conveyance to appellee, through Bright, trustee, appellee is the owner of the fee simple title to said property.''

In Edwards v. Cave, the grant was to Josie E. Edwards and her children now born, and all children that might thereafter be born to her, and the question was, what interest did the children of Josie E. Edwards take?

Speaking of the will, the court said:

''Considered alone, the language used in the caption would justify the holding that Josie E. Edwards took the fee. There is language in the granting clause that

would justify that construction which would give to Josie E. a life estate, with remainder to her children; and the language used in the habendum is susceptible of a construction that would give to the parties a joint estate. Here then, we have a case where, upon consideration of the instrument as a whole, the mind is in doubt as to what estate was intended to be conveyed, and that construction will be adopted which passes the fee. Dotson v. Kentland Coal & Coke Co., 150 Ky., 60, and authorities there cited. To our mind, this will, no doubt, more nearly effectuate the real intention of the parties than any other construction. The grantor was the great-aunt of the grantee, Josie Edwards. It was her purpose to provide her niece a home, in which she could suitably care for and rear her children.''

It will thus be seen that the cases relied upon by appellees are not in conflict with the general rules first announced, and under which we have concluded that Alice V. Hayes takes only a life estate with remainder to her children in fee.

The judgment of the chancellor will have to be reversed, with instructions to set it aside and enter a judgment as above indicated.