## Combs v. Fields, et al.

(Decided November 10, 1925.)

### Appeal from Perry Circuit Court.

1. Wills—Devise of Realty Construed to Create Life Estate in Grantee with Remainder to His Heirs.—Deed to grantor's son-in-law, his heirs and assigns, to have and to hold "during his time of life, and at his death to be equally divided between his heirs," held, in view of Ky. Stats., sections 2342, 2343, 2345, to convey but life estate to grantee with remainder in fee to his heirs.

2. Deeds—Granting Clause Controlled by Subsequent Attempted Limitations, Only where Irreconcilably Repugnant and Intent of

Parties Not Ascertainable.—Granting clause is controlled by limitation in habendum clause, only where intent of parties cannot be ascertained from entire instrument, and where irreconcilable repugnance exists between granting clause and subsequent provision.

3. Deeds—Intent of Parties Deduced from Whole Instrument Controls Construction.—Intent of parties gathered from entire instrument, giving proper effect to each and every part if possible, controls construction.

4. Courts—Federal Court's Interpretation of Decisions of State Courts Not Binding on Latter.—Federal court's interpretation of decisions of state Supreme Court, and application of rule of law thereby determined, held not binding on Supreme Court in passing on same or similar facts.

J. W. CRAFT, JOHN M. BAKER, P. T. WHEELER and L. D. LEWIS for appellant.

H. C. EVERSOLE and D. G. BOLEYN for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

This case involves the construction of a deed from W. G. Eversole and wife to their son-in-law, Dock Fields, dated February 6, 1878, at a time when the grantors were executing deeds to their several children, the salient parts of which are in these words:

"This indenture made and entered into this the 6 day of February, 1878, between Willory G. Eversole of the county of Perry and state of Kentucky of the one part, and Doc. Fields of the same county and state aforesaid of the second part. . . .

"That for and in consideration of the sum of $200.00, $115.00 of which is in hand paid, and $84.50 the amount to be paid, the receipt of which is hereby acknowledged, hath granted, bargained and sold, and by these presents doth grant, bargain, sell and convey unto the said Doc. Fields, his heirs and assigns, all that tract or parcel of land lying and being in Perry county, Ky. . . .

"To have and to hold the land hereby conveyed unto the said Doc. Fields, during his time of life, and at his death to be equally divided between his heirs, and the said Willory G. Eversole for himself, his heirs, executors and administrators, the said tract of land and its appurtenances unto the said Doc. Fields and his heirs and assigns will forever warrant and

defend by these presents against the claim or claims of any and all persons.''

The circuit court construed this deed to vest a life estate in Doc. Fields with remainder in fee to his heirs at law (children), and this appeal is prosecuted from that judgment.

The policy of our law runs counter to that of the common law in many particulars, among which may be mentioned (1) at common law a deed without words of inheritance conveyed a life estate, while the policy of our law is to favor the vesting of estates in fee. (2) At common law a grantor could entail an estate granted and thereby control his grant over a period of years, while the policy of our law is to favor the alienation of property. (3) At common law by the rule in Shelly's case an estate conveyed to one for life with remainder to the heirs of his body created a fee simple, but this rule was never adopted in Kentucky, and these matters are the subject of statutory regulation thus:

> (1)` ''Unless a different purpose appear by express words or necessarw inference, every estate in land created by deed or will without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of.'' Section 2342.
>
> (2) ''All estates heretofore or hereafter created, which, in former times would have been deemed estate entailed, shall henceforth be held to be estates in fee simple; and every limitation in such an estate shall be held valid, if the same would be valid when limited upon an estate in fee simple.'' Section 2343.
>
> (3) ''If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants.'' Section 2345.

The deed in controversy indicates how the title shall go and cannot be said to be without words of inheritance and therefore the provisions of section 2342 do not apply to it. Hall v. Wright, 121 Ky. 16. The language used would not have created an estate tail at common law and therefore section 2343 would have no application. Sec-

tion 2345 clearly embraces the questions involved if the deed is construed as vesting a life estate in Doc. Fields with remainder to his heirs; though it is a rule of property rather than a rule of construction, hence neither of these statutes are of much aid in this matter.

It is argued that construing the deed as a whole it was the intention of the parties to vest a fee in Doc. Fields; that the stating, granting and warranty clauses so declare; that while there is an apparent limitation upon the grant in the habendum, yet the words of that clause are synonymous with the language customarily used in habendum clauses and merely indicate a devolution of the property if the grantee should die without having disposed of it, and that by the construction, *supra,* the entire instrument is harmonized with all of its parts.

The trouble with this construction is that it emphasizes the clauses which are expressed in general terms and practically ignores the only one in which a specific intention is expressed. The words "to have and to hold unto the said Doc. Fields during his lifetime" import a life estate in Doc. Fields and nothing more, and they are accentuated by the words, "and at his death to be equally divided between his heirs," as these words not only limit the grant to a life estate, but also create a fee in remainder and provide for a division of it at his death. These words cannot be harmonized with an intention to vest a fee in Doc. Fields. If given any effect they mean what they say, and when the entire deed is construed in the light of the circumstances that the grantor was making the conveyance to his son-in-law, and that the heirs of the latter were the grandchildren of the grantor and the children of the grantee, it is manifest that it was the intention of the parties to limit the grant to a life estate in the first taker.

It is insisted, however, that as thus construed the habendum clause is clearly repugnant to the granting clause, and that in such a case the former should yield to the latter and the attempted limitation be disregarded.

The above rule was formerly highly regarded as a rule of construction if not of property, and is still recognized in proper cases, but in modern practice its application is restricted to cases in which the intention of the parties cannot be ascertained from the entire instrument, and where there is an irreconcilable repugnance between the granting clause and some subsequent provision. Land v. Land, 172 Ky. 148; Hall v. Wright, 121 Ky. 16; Hen-

derson v. Mack, 82 Ky. 380; Kelly v. Parsons, 127 S. W. 792; Roy v. Spears, 23 Ky. L. R. 814; Humphrey v. Potter, 24 Ky. L. R. 1264; Hughes v. Hammond, 136 Ky. 694; Ratcliffe v. Ratcliffe, 182 Ky. 230; Va. Coal & Coke Co. v. Dye, 146 Ky. 519. If the intention of the parties can be ascertained it must control. The intention is gathered from the entire instrument, giving proper effect if it can be done to each and every part, and considering all of the clauses without reference to the place at which they appear in the instrument.

Following this principle, this court has in a long line of cases construed instruments containing words similar to those embraced in this deed as vesting a life estate only in the first taker. Henderson v. Mack, *supra;* Dinger v. Luckin, 143 Ky. 850; Atkins v. Baker, 112 Ky. 877; Wilson v. Moore, 146 Ky. 679; Harkness v. Mead, 148 Ky. 565; Ratcliffe v. Ratcliffe, *supra;* Preston v. Wells, 187 Ky. 417.

It is sometimes difficult to determine whether the intention of the parties may be ascertained without the aid of the technical rule, and this has led to some confusion and conflict in our decisions in construing like words in different instruments. But without attempting to harmonize or classify those cases, it may be said that the rule is now regarded as one of last resort and is not otherwise applied in the later opinions, and as above indicated it does not apply to the construction of this instrument.

Appellant relies on the case of the Va. I. C. & C. Co. v. Webb, et al., 263 Fed. Rep. 821. That case involved the construction of two deeds which were executed at the same time by the same grantors, to their two sons and their heirs and which were couched in language similar to that used in this one and which were construed to vest a fee in the sons. While we are not bound by the decisions of that high tribunal, we entertain the highest respect for its interpretation of our opinions and regret that there is sufficient confusion existing therein to lead to such an interpretation, but it is evident that that opinion was based largely upon the case of Ratcliffe v. Marr, 87 Ky. 26, which was expressly overruled in May v. C. & O. R. R. Co., 184 Ky. 493, and upon conclusions in former opinions of this court which do not reflect the trend of our more modern decisions, and for the reasons above indicated we are forced to a different conclusion.

Wherefore, perceiving no error, the judgment is affirmed.