## Banzhoff et al. v. Smith et al.

(Decided February 18, 1930.)

738

W. PRATT DALE for appellants.

J. H. GOLD for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The will of the late Frances O. Ziegler is as follows:

"I, Frances O. Ziegler, being in good health and of sound mind, do this 22nd day of November, 1914, make this my only will and testament. After all my just and lawful debts are paid, I bequeath my real estate to my father to be kept intact and he to draw $5.00 a week the rest of his natural life. After his death, to be divided equally among my two children, Estella Zeigler and George Banzhoff. After their death to go to their heirs. All other money and collateral to be divided among my two children, Estella Zeigler and George Banzhoff, share and share alike. I do hereby name George Oppenheimer Executor of my will, without bond.

"Frances O. Zeigler."

Testatrix's father is dead. Her two children mentioned in the will, who are the appellants, contracted with

the appellee G. Sweetman Smith to sell and convey to him a certain parcel of land devised to them by the will, and tendered him a deed which was not accepted on the ground that appellants were without power to convey a fee-simple title. This suit was brought for specific performance. The chancellor interpreted the will as giving to appellants only a life estate in their mother's real property, and, from the judgment so construing the will and declining to require specific performance by Smith, this appeal is prosecuted.

It is argued in behalf of appellants that the word "heirs" is to be construed as embracing the whole line of succession; that the context of this will clearly indicates that such was the intent of the testatrix, and that they were accordingly vested with fee-simple title. Reliance is principally had on Meisberg v. Bryant, 184 Ky. 600, 212 S. W. 600, in which are given instances in which the word should be construed as one of limitation and others in which it is to be considered as a word of purchase; the claim being that this devise falls in the former class. There are many other cases of like effect where application of these rules of construction was made and the subject considered more or less at length. See especially Naville v. American Machine Company, 145 Ky. 344, 140 S. W. 559, 37 L. R. A. (N. S.) 153; Hayes v. Hayes, 154 Ky. 729, 159 S. W. 544; Bentley v. Consolidation Coal Company, 209 Ky. 63, 272 S. W. 48; and Azarch v. Smith, 222 Ky. 566, 1 S. W. (2d) 968.

The phrase "at his death" is usually preceded by such expressions as "during his natural life," or other terms clearly indicating a life estate (Trustees Presbyterian Church v. Mize, 181 Ky. 567, 205 S. W. 674, 2 A. L. R. 1237; Harrington v. Layton, 200 Ky. 630, 255 S. W. 271; Combs v. Fields, 211 Ky. 842, 278 S. W. 137), and the ambiguity was usually in the use of the words "heirs" or "children." Where there was manifestly only a life estate, the two words have been consistently construed as synonymous and deemed words of purchase. (See the several cases herein cited.) It is a question here whether a life estate was intended. As is said in Page on Wills. sec. 976:

"No set rule can be laid down for determining whether testator's intention in making a devise over after the death of the devisee to whom an estate in

fee has already been given is to restrict the interest of the first taker to a life estate or to create a fee which lacks certain necessary incidents. This intention must be gathered from the whole will."

It is an elementary rule of construction to harmonize all the provisions of a will in order to arrive at the testator's intention; and, if in the application of that rule it becomes necessary, in order to give effect to an expression contained in the instrument, to declare a devise to be a limited rather than an absolute one—a favored interpretation—that construction will be given.

In this will the testatrix first directed that her real estate should be held intact by her father, and from its proceeds he should receive $5 a week as long as he lived. After his death, it was to be divided into two equal parts; one part going to her son and the other to her daughter. After their death, it was to go to the their respective heirs at law. If the testatrix had intended a fee-simple title, then she would never have used the phrase "after their death," for, without it, the children would, of course, have had the right to sell or dispose of the estate during their lifetime just as they had the right with respect to the personal property. She evidently did not desire that to be done, but intended that each should have a life estate, and at his or her death the property was to descend to their children, designated as heirs. She used the same term with respect to the second life tenants as she did to her father, the first life tenant, viz. "after his death." The son had never married, and the only child of the daughter was over 21 years of age. The mother perhaps indulged the presumption that the property would ultimately go to this grandaughter.

The court is not authorized to delete from the will the expression "after their death," although, of course, there could be no heirs until they did die. In the absence of this term, the devise would be as the ordinary conveyance of a fee-simple title, such as appeared in the Meisberg case, supra, and bring the case within the general rule that the word "heirs" is to be regarded as a word of limitation. But, in harmonizing the provisions of the will, this expression must be given effect, and it seems to the court to require the interpretation of the clause as giving only a life estate to testatrix's children, and the declaration of the word "heirs" as being one of

purchase; that is, as the designation of a class of legatees and not a word of limitation, describing the interest or estate given. See Thompson on Construction of Wills, sec. 166. Under section 2345 of the Statutes, after the death, respectively, of the second life tenants, the remainder will pass in fee simple to his or her heirs at law. See Combs v. Fields, 211 Ky. 842, 278 S. W. 137, for a consideration of this and other statutory provisions as to devolution of title to real property, and Reeves v. Tomlin, 213 Ky. 547, 281 S. W. 522, where the terms of the will were very similar to this one.

Such was the finding of the chancellor, and the judgment is therefore affirmed.