# Howard et al. v. Gross et al.

May 30, 1941.

Henry L. Bryant and J. C. Baker for appellant.

H. C. Clay and J. B. Carter and Rose & Rose for appellee Tudor.

Brock & Jones for appellee Brock.

G. G. Rawlings for appellee Josephs.

T. M. Galphin, Jr., and Ogden, Galphin, Tarrant & Street for appellee Ky. Utilities.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

On November 10, 1898, James H. Howard executed a deed to a tract of land on the outskirts of the city of Harlan, containing approximately 313 acres, to James K. Howard and Anna Howard, his wife. The deed omitting description reads as follows:

"This deed of conveyance made and entered into this 10th day of Novr. 1898, between Jas. B. Howard of the county of Harlan and state of Kentucky, party of the first part, and James K. Howard and wife, Ana Howard, and heirs of the same county and state aforesaid, party of the other part.

"Witnesseth that said party of the first part for and in consideration of the sum of Ten Dollars in hand paid and fatherly love and affection hath this day sold, given and granted and confirmed unto the said James K. Howard and wife, Anna Howard, and their heirs, do hereby sell, give and convey to the party of the second parties a certain tract or boundary of land lying and being in the county of Harland and state of Kentucky and on the Clover Fork of Cumberland River and bounded as follows: (Description)

"Be it fully understood that James K. Howard is to have full possession and control of said land during his natural life and after his death the title is vested in his heirs.

"To have and to hold the same together with all the appurtenancies thereto belonging unto the party of the second part, their heirs and assigns, and the said party of the first part covenants with the said party of the second party the he will covenant the title hereby conveyed unto the party of the second party, his heirs and assigns."

The grantees, James K. Howard and his wife, Anna Howard, conveyed by separate deeds to each of certain of appellees different portions of such tract. This action was filed by the children and heirs at law of James K. Howard and Anna Howard asserting title to 81 separate portions of the tract conveyed to different appellees and seeking a sale thereof. The trial court sustained a demurrer to the petition and dismissed it and this appeal follows.

It is contended by the appellants that the deed in controversy vested in James K. Howard a life estate in the land with remainder to his children, while appellees, in support of the judgment of the trial court, contend that the deed vested a fee simple title jointly in James K. Howard and his wife, Anna Howard.

It will be observed that by the granting clause of the deed a fee simple title was conveyed jointly to James K. Howard and Anna Howard. The fact that the words "their heirs" were used in the caption and in the granting clause did not of itself give to the heirs any estate by the conveyance. Belcher et al. v. Ramey et al., 173 Ky. 784, 191 S. W. 520. It will also be observed that the habendum clause of the deed was also such as to vest fee simple title in James K. Howard and his wife, Anna Howard.

It is insisted by the appellants, however, that the clause following the description, "be it fully understood that James K. Howard is to have full possession and control of said land during his natural life and after his death the title is vested in his heirs," operates to cut down the fee simple estate conveyed by the granting clause to a life estate in James K. Howard, with the remainder to his children, and that the habendum again purporting to vest the fee simple in James K. Howard and wife does not operate to destroy the effect of the separate clause creating a life estate in James K. Howard.

It was formerly the rule in our jurisdiction that where there was a clear repugnance between the nature of an estate granted and that limited in the habendum the latter must yield. The basis of this rule was that a granting clause was indispensable to convey a title on creating an estate while the habendum was not indispensable. Rhea v. Spears, 64 S. W. 413, 23 Ky. Law Rep. 814; Ratliffe, etc., v. Marrs, etc., 87 Ky. 26, 7 S. W. 395, 8 S. W. 876, 10 Ky. Law Rep. 134; Humphrey, etc., v. Potter, 70 S. W. 1062, 24 Ky. Law Rep. 1264. The modern tendency, however, is that the intention is to be gathered from the entire instrument, giving proper effect, if it can be done, to all parts of the instrument without regard to the place at which they appear. Combs v. Fields, 211 Ky. 842, 278 S. W. 137; King et al. v. Wurts et al., 227 Ky. 705, 13 S. W. (2d) 1043; Kentucky Real Estate Board v. Smith, 272 Ky. 313, 114 S.

W. (2d) 107. Thus, although both the granting and habendum clauses in the deed in question purport to vest a fee simple title, they must be considered, in ascertaining the intent of the parties, in connection with the clause relied on by appellants as cutting down the estate conveyed in the granting clause.

It is an equally well established rule, however, that confused and ambiguous language will be construed most favorably to the grantee since the grantor selects the language by which the estate is created. If, in selecting this language, he creates a doubt as to the character of estate conveyed, that doubt will be resolved against the grantor and the instrument will be construed as conveying the larger interest. And, where the language of a deed is doubtful, so as to admit of two constructions, one conveying the absolute fee and the other a less estate, the deed will be construed as conveying an absolute fee. Kentucky Real Estate Board v. Smith, supra, and cases therein cited.

Considering the deed in the light of these rules, we see that if appellants' contention is adopted and the clause following the description is construed as giving James K. Howard a life estate with remainder to his children, the fee simple estate created by the granting clause, and again confirmed by the habendum, is destroyed, with the result that James K. Howard's interest is changed and cut down from a one-half undivided interest in fee to a life estate in all the property and the one-half undivided interest in fee conveyed to Anna Howard is completely obliterated. If James K. Howard received a life estate by the deed, he received it from the words, "full possession and control of said land during his natural life." If those words are used to create and define his estate, they cannot also be used to limit it, i. e., it cannot be contended that Anna Howard was by the same language vested with a life estate. Anna Howard either received a one-half undivided interest in fee or she received nothing.

Although the clause relied on by appellants as creating a life estate must be considered and given whatever effect it may be entitled to, nevertheless we will not presume that the grantor intended by this clause completely to destroy the fee simple conveyed to Anna Howard in the granting clause and again confirmed to her in the habendum. It is our view that by this clause

the grantor intended to give to James K. Howard a life estate in the undivided one-half conveyed to his wife in fee, so that he would have complete control of the property during his wife's life, and a life estate after her death in the one-half undivided interest conveyed to her in fee and accordingly we construe the words contained in this clause "after his death the title is vested in his heirs" as being words of limitation and not of purchase.

This construction is in accord with the rules above enunciated that ambiguous language will be construed against the grantor and that where a doubt exists as to whether a fee simple or a lesser estate is conveyed the doubt will be construed as conveying the absolute fee in preference to the lesser title. It must be admitted that a consideration of all the terms of the deed creates a doubt as to the character of estate intended to be conveyed. All the more should this doubt be construed in favor of a fee simple title when a contrary construction would result in a complete obliteration and destruction of the fee simple title created by the granting clause in Anna Howard. To sustain the contention of appellants and construe the deed as creating a life estate in James K. Howard with remainder to his children would result in the deed being a nullity in so far as Anna Howard is concerned. This we do not believe the grantor intended.

Judgment affirmed.