## Combs et al. v. Combs et al.

Dec. 15, 1942.

446

J. A. Edge for appellants.

Frank S. Ginocchio, Samuel S. Yantis and P. T. Clark for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

There is involved the construction of a deed to property on North Limestone Street, in Lexington, Kentucky. The granting clause names the purchaser, Mrs. Annie E. Shields, as sole grantee. There are two habendum clauses as follows:

"To Have and to Hold the Same unto the said party of the second part for and during her natural life, and at her death to pass to her son, A. V. Combs, Senior, for his life, and at his death to go to his son, A. V. Combs, Junior, to be held for the children of said A. V. Combs, Junior.

"The party of the second part, Annie E. Shields, shall have the right during her life time to sell and convey said property and to make and pass a good fee simple title thereto without the purchasers or purchaser being required to look to a reinvestment of the funds and shall have full and complete power to mortgage or encumber the same if she so desires and her power in that respect shall be the same as if the fee simple title were conveyed to her.

"To Have and to Hold the same unto the said party of the second part and her heirs and assigns forever as hereinabove stated and said parties of the first part do hereby" (a definitive covenant of warranty).

The named grantee, Mrs. Shields, died in December, 1934, and her son, A. V. Combs, Senior, died in March, 1939. Her grandson, A. V. Combs, Junior, is living and has four children. The circuit court adjudged that Mrs. Shields by the deed had acquired a life estate

in the property, with power to sell and convey; not having exercised that power, her estate terminated and her heirs inherited no interest in it; that the life estate of A. V. Combs, Senior, ended with his death and his heirs received nothing; and that the fee simple title vested in the four children of A. V. Combs, Junior, subject to being opened up by the birth of other children to him. The court held that the deed made A. V. Combs, Junior, merely the holder of the legal title for his children with no duties to perform; hence, that it was a passive or naked trust so that the fee passed to his children free from any trust.

A. V. Combs, Junior, appeals from that judgment and contends that he has a life estate in the property. He has abandoned other contentions indicated by his pleading. Appellant's thesis is that only a person named in the granting clause of a deed as a grantee acquires an estate in presenti and parties not named as grantees but designated or provided for in the habendum take only a remainder interest; and unless otherwise stipulated each takes successively in the order of distribution under the statute of descent. He submits that in a testamentary deed, like the present, where the property is to pass to parents to be "held" means that he, A. V. Combs, Junior, was conveyed the right of possession and actual dominion over the property and is entitled to all its rents and profits. A great many cases are cited in support of these propositions. Upon the first and principal one, they are cases decided long ago when much greater consideration was given to the technicalities of land law handed down from ancient days. In more recent years it has been the policy of this and other courts in construing a deed to ascertain and enforce the intention of the parties as manifested from the whole instrument and surrounding circumstances, and not to make application of technical rules of construction if they lead to a result different from what appears to have been the intention. Spicer v. Spicer, 177 Ky. 400, 197 S. W. 959; Franklin Fluorspar Company v. Hosick, 239 Ky. 454, 39 S. W. (2d) 665; Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S. W. (2d) 768, 132 A. L. R. 137; Howard v. Gross, 287 Ky. 415, 153 S. W. (2d) 415; Stambaugh v. Stambaugh, 288 Ky. 491, 156 S. W. (2d) 827. This method of construing a deed results in declaring that so long "as a person has been named in the body of the deed, with words indicat-

ing that it was intended that he should be the grantee, the deed will be effective although the name does not appear in the granting clause, but only in the habendum." 16 Am. Jur., Deeds, Section 76.

The policy of our law and terms of our statutes in conflict with some of the common law principles are pointed out in Combs v. Fields, 211 Ky. 842, 278 S. W. 137, 138. In that case the granting and other clauses of a deed named Doc Fields as sole grantee of a fee simple title, but the habendum limited his estate for life, with remainder conveyed equally to his heirs and the grantor and his heirs. As stated in that opinion, the former rule whereby the habendum clause of a deed was held to yield to a granting clause is still recognized in proper cases where there is an irreconcilable repugnance or conflict, "but in modern practice its application is restricted to cases in which the intention of the parties cannot be ascertained from the entire instrument." There was added:

"If the intention of the parties can be ascertained, it must control. The intention is gathered from the entire instrument, giving proper effect if it can be done to each and every part, and considering all of the clauses without reference to the place at which they appear in the instrument."

When read as a whole there is no irreconcilable conflict between the granting and the habendum clauses in the deed we have under consideration here, just as there was not in Combs v. Fields, supra. Undoubtedly Mrs. Shields, who paid the consideration for the property, directed the terms of the deed and made it testamentary in nature. It is clear she had the property conveyed to herself for life, with reserved power equivalent to a conveyance of the fee if exercised. It is clear also that if she did not exercise it, title vested in her son for life. At his death title passed to her grandson, A. V. Combs, Junior, but only to be held for his children. We think it clearly manifested that the beneficial ownership was intended to be for his children. The three of them then living were the designated objects of Mrs. Shields' bounty as ultimate beneficiaries of her will, written ten years after the deed, and their father, A. V. Combs, Junior, was given only a life estate in trust in a portion of her property. See Combs v. Shields' Executor, 270 Ky. 232, 109 S. W. (2d) 601. The instability of the grandson and

the discordant family relations are proven in this record also. He was a professional dancer and a wanderer. He had abandoned his oldest child, a daughter, who was of a first marriage, which had been dissolved by divorce. His two other children whom his grandmother knew were babies. He and their mother had or have been divorced also. The fourth child was of a third marriage. He had not lived in Lexington for many years although in this case he claimed it as his home.

Whether or not A. V. Combs, Junior, acquired any beneficial title or right in the property by the deed depends upon the intention expressed by the phrase, "to be held for the children of said A. V. Combs, Junior," read in connection with the whole deed. There are innumerable legal definitions of the words "held" and "hold" and the phrase "to be held for." Industrious counsel for appellant has submitted a great many. In general, as a technical term, the words embrace two ideas, that of actual possession of some object of dominion or property and that of being invested with legal title or right to hold or claim such possession. 29 C. J. 758. Obviously its meaning, like that of any other word or phrase in common use in any given instrument, depends upon its context or its relation to other parts of the whole. The provisions of the deed involved here are explicit in defining the estate conveyed to Mrs. Shields to be "for and during her natural life" (subject to a condition which did not materialize), and then to her son "for his life." The next provision is different and title is directed "to go to his son, A. V. Combs, Junior, to be held for" his children. It is thereby clearly manifested that his interest is not the same. The omission and change in the language are so significant that a construction that A. V. Combs, Junior, was conveyed a beneficial interest for his life like his father before him cannot be justified.

The case closest to supporting appellant's contention to which our attention is called is Duncan v. King's Adm'r, 163 Ky. 577, 174 S. W. 34, 35. By a clause in a lengthy will disposing of the remainder interest in his estate after the death of his wife testator directed that the estate be equally divided among two sons and a daughter, and added, "and it is also my will that my daughter Mary A. Glenn hold the money and property which may be her portion only in trust for her children

which she now has or may hereafter have.'' There were several other provisions in the will and codicil indicating a purpose of enabling testator's young daughter, who then had only one child, to provide not only for her children but for herself also. As indicated above, the context of the deed under consideration and the surroundings proven in this case tend to negative rather than to confirm an intention to convey a beneficial interest to A. V. Combs, Junior.

Perhaps his grandmother thought it necessary that title be placed in an adult rather than the infants. At any rate, that is what she did. The law now steps in and declares that such naked legal title, with no duties to perform and no beneficial interest given, amounts to little or nothing so far as the beneficiaries or real owners are concerned. It converts the unqualified beneficial interest of the children into a fee, free of any trust. Fink v. Metcalfe, 83 S. W. 643, 26 Ky. Law Rep. 1263; Commonwealth v. Louisville Public Library, 151 Ky. 420, 152 S. W. 262; Winn v. William, 292 Ky. 44, 165 S. W. (2d) 961.

We concur in the conclusion of the chancellor that the present children of A. V. Combs, Junior, have the fee simple title to the property; subject, however, to be opened up for the admission of like interest in any child born to him hereafter.

Judgment affirmed.