Carol Ann CHEUVRONT et al., Appellants,

v.

Blanche Thompson HALEY et al., Appellees.

Court of Appeals of Kentucky.

Jan. 17, 1969.

Rehearing Denied Oct. 10, 1969.

Lloyd A. MacDonald, MacDonald & Walton, Flemingsburg, White, McCann & Stewart, Winchester, James S. Wilson, Paris, for appellants.

Grover C. Baldwin, Jr., Paris, James Park, Jr., Stoll, Keenon & Park, Lexington, for appellees.

STEINFELD, Judge.

Blanche Thompson Haley individually and as executrix of the estate of I. C. Haley, deceased, with Kelly C. Haley and Clara Belle McCracken, sought judgment declaring ownership of an interest in certain land in Bourbon County. KRS 418.-045; CR 57. Named as defendants were the appellants, the issue of W. W. Haley Jr., who were necessary parties to the declaration. KRS 418.075.

In 1917 at the time W. W. Haley wrote his will his immediate family consisted of his wife, Amelia A. Haley, his sons, Kelly Haley and I. C. Haley and his infant grandson, W. W. Haley, Jr., who was the only child of Brent Haley, then deceased. W. W. Haley owned in fee simple approximately 308 acres of farm land which was considered as having two sections, one of approximately 204 and the other of about 104 acres. Only the 204-acre tract is involved in this appeal. In part the will provided:

"Secondly, I give and bequeath to my wife, Amelia B. Haley, my homeplace containing 308 acres of land as long as she lives. To my son Kelly Haley 100 acres of the Liver place with improvements and tobacco barn. To my son I. C. Haley 100 acres adjoining. To my Grandson, W. W. Haley, Jr., the balance of place containing about 30 acres to be used for his support and education. My personal property and Bank stock to be used for the payment of my debts and funeral expenses, the balance, if any, to be divided according to law. After the death of my wife I want my interest in the homeplace to be equally divided between my son Kelly Haley, my son I. C. Haley, and my Grandson, W. W. Haley, Jr. I. C. Haley to have house and improvements One hundred acres. I bequeath my Grandson's interest to him and at his death to his heirs and if he should die without heirs I will his interest in my estate to my other Grandchildren that I may have at the time. I nominate and appoint my son, Kelly Haley, as Guardian for my grandson, W. W. Haley, Jr. I appoint my son Kelly & I. C. Haley as Administrators of my estate without bond. I want my Grandson, W. W. Haley, Jr. to have my watch."

W. W. Haley died in 1923 possessed of the 204-acre tract in question. He was survived by the four persons named in the will. The will was probated and in 1927 a suit was filed for the purpose of settling the estate of W. W. Haley, to construe his last will and testament and to determine what interest in certain real estate W. W. Haley, Jr. took under that will. The court on March 14, 1930, among other things adjudged "that the said W. W. Haley, Jr. takes a defeasible fee to the portion of the testator's home farm devised to his said grandson, W. W. Haley, Jr."

Sometime thereafter, on a date not indicated in the record, Kelly Haley conveyed to his brother, I. C. Haley, the interest in the land which Kelly had inherited. On May 1, 1940, Amelia B. Haley, who died in 1955 the widow of W. W. Haley, made her last will in which she said: "I desire the division he made of the 308 acres be carried as his will stated." She was referring to the will of her late husband, W. W. Haley, and the acreage she mentioned included the 204-acre tract now in litigation.

In 1956 the testator's grandson, W. W. Haley, Jr., and his wife, Helen, executed and delivered to I. C. Haley a deed conveying " * * * unto the party of the second part his heirs and assigns forever in fee simple all of the first parties' interest in and to that certain two hundred and four (204) acres of land situated on the Clintonville Paris Turnpike and being the same land which was devised to Mrs. Amelia Haley for her life with remainder in fee to the parties of the first part I. C. Haley and Kelly Haley. I. C. Haley having purchased the interest of Kelly Haley * * * ".

When the testator's son, Kelly Haley, died on November 8, 1960, his heirs at law were his wife, Ada E. Haley, his brother, I. C. Haley and his nephew W. W. Haley, Jr. In an effort to obtain title to any interest in the 204-acre farm which Kelly Haley might have been devised under his mother's (Amelia B. Haley) will, the appellees, Blanche Thompson Haley (widow of I. C. Haley), Kelly C. Haley (son of I. C. Haley) and Clara Belle McCracken (daughter of I. C. Haley), in 1967 secured a deed from Kelly's widow, conveying to them her interest, if any, in the 204-acre tract. The appellees also obtained a second deed from

W. W. Haley, Jr. and his wife correcting an error in the description contained in the 1956 deed and conveying to them any interest which W. W. Haley, Jr., might have inherited from his uncle, Kelly Haley.

With respect to the land in controversy the court below in its findings of fact said in part:

"By his will W. W. Haley devised his interest in the homeplace as follows:

(d)   To his grandson, W. W. Haley, Jr. a remainder in fee simple in one-third after the life estate of Amelia B. Haley subject to defeasance, if W. W. Haley, Jr. should die without issue prior to the death of Amelia B. Haley, in which case said interest to go to the other grandchildren of W. W. Haley."

The trial court also declared that "as W. W. Haley, Jr. survived the death of Amelia B. Haley, W. W. Haley, Jr. became vested in fee simple with a one-third interest in the remaining 204 acres of the homeplace farm." It held that by reason of the wills of W. W. Haley and Amelia B. Haley and the 1956 deed " * * * Blanche Thompson Haley, individually, Kelly C. Haley, and Clara Belle McCracken, as devisees under the will of I. C. Harley, are (now) the owners in fee simple of the * * *" controversial tract and that the W. W. Haley, Jr. heirs have no interest in it.

Appellants, the children and grandchildren of W. W. Haley, Jr. contend that the trial court erred and that only a life estate had ever been created in W. W. Haley, Jr.[1] Appellees say that the devise to W. W. Haley, Jr. by his grandfather amounted to a fee subject to defeasance only if W. W. Haley, Jr. died "without heirs" during the life of the life tenant, his grandmother, Amelia B. Haley. All parties concede that I. C. Haley and Kelly Haley were to receive their one-third interest in fee subject only to the life estate of Amelia.

We determine a testator's intention by what he said rather than what he intended to say. Rhodus v. Proctor, Ky., 433 S.W.2d 625 (1968); Kurrie v. Kentucky Trust Co., 302 Ky. 592, 194 S.W.2d 638 (1946). " * * * We are to seek the testator's intent from the language of the will." Combs v. First Security National Bank & Trust Co., Ky., 431 S.W.2d 719 (1968). We look to the will as a whole. Watkins v. Bennett, 170 Ky. 464, 186 S.W. 182 (1916); Breckinridge v. Breckinridge, Ex'x, 264 Ky. 82, 94 S.W.2d 283 (1936); McHargue v. Sizemore, Ky., 424 S.W.2d 810 (1968) and Haynes v. Haynes, Ky., 427 S.W.2d 799 (1968). Only the quoted paragraph of the W. W. Haley will throws any light on the intention of the testator.

We have held the words "if he dies without heirs and those of similar import to mean children." Bradley v. Skilman, 3 Ky.Law Rep. 734 (1882). We also said in Deboe v. Lowen, 47 Ky. (8B. Mon.) 616 that these words meant "heirs of his body."

We interpret the will as if it had said:

"I bequeath my grandson's interest to him and at his death to his heirs" of his body "and if he should die without heirs" of his body then living, "I will his interest in my estate to my other grandchildren, that I may have at the time."

KRS 381.060(1) provides:

"Unless a different purpose appears by express words or necessary inference, every estate in land created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

Having so construed the will and under KRS 381.090 we hold that there was vested in W. W. Haley, Jr. a life estate in one-third of the land, subject to the life estate of his grandmother, Amelia B. Haley, whom he survived, with the remainder of that one-third in fee simple in the

---

1.   Neither W. W. Haley, Jr. nor Helen Haley, his wife, are parties to the present suit.

heirs of his body if any survive him. Bartley v. Potter, Ky., 334 S.W.2d 353 (1960).

Appellees note that the lower court followed Harvey v. Bell, 118 Ky. 512, 81 S.W. 671, 26 Ky.Law Rep. 381 (1904), in which it was said: "Where an estate is devised to one for life, with remainder to another, and, if the remaindermen die without children or issue, then to a third person, the rule is that the words 'dying without children or issue' are restricted to the death of the remainderman before the termination of the particular estate." As indicated above the testator clearly "manifested a contrary intention."

■ The 1930 judgment held that the interest of W. W. Haley, Jr. was a "defeasible fee". Wills v. Wills, 85 Ky. 486, 3 S. W. 900 (1887). In the present litigation the appellants pleaded that adjudication as res judicata of the issue herein. Appellants denied that this judgment binds them because they were not parties to those proceedings. The answer and counterclaim also alleged that since W. W. Haley, Jr. had "children, or heirs, * * * they inherited any interest so devised the said W. W. Haley, Jr. by virtue of the wills of said W. W. Haley and Amelia B. Haley." The trial court did not pass on this issue specifically, but since it held that on "the death of Amelia B. Haley, W. W. Haley, Jr. became vested in fee simple with a one-third interest in the remaining 204 acres of the homeplace farm" it apparently concluded that the former judgment was not res judicata. We will not consider the 1930 judgment because appellees were not made parties in their individual or in a representative capacity in that suit. Shepherd v. Moore, 283 Ky. 181, 140 S.W.2d 810 (1940); Cf. Pikeville Oil & Tire Co. v. Deavors, Ky., 320 S. W.2d 782 (1959).

Appellants rely upon Banzhoff v. Smith, 233 Ky. 737, 26 S.W.2d 1034 (1930); Reeves v. Tomlin, 213 Ky. 547, 281 S.W. 522 (1926) and Wills v. Wills, supra.

In Banzhoff the will read: "* * * I bequeath my real estate to my father to be kept intact and he to draw $5.00 a week the rest of his natural life. After his death, to be divided equally among my two children, Esttella Zeigler and George Banzhoff. After their death to go to their heirs." We held that the testator devised a life estate and after the death of the life tenant the property was to be divided into two equal parts with one going to Esttella and the other going to George for their life and upon their death "to go to their respective heirs at law."

In Reeves the testator said: "I give and bequeath to my son Plumma Norman (after the death of my wife, America A. Norman) the farm * * * containing about (200) acres * * *, to my said son Plumma Norman and his bodily heirs after his death, and if my said son should die leaving no bodily heirs then this bequest shall revert to his surviving brothers or their heirs in equal parts save the rights reserved to his widow if he should leave one, to a one-third interest during her natural life." We said that "The property is devised to the bodily heirs after the death of Plumma Norman. They are devisees under this clause of the will subject to the life estate of the widow and the estate vested in Plumma Norman, and, as his estate terminates at his death, it is necessarily a life estate. So the effect of this clause of the will is a devise of the property to Plumma Norman for life, with the remainder at his death to his bodily heirs."

Banzhoff and Reeves construed wills in the light of KRS 381.090 which reads:

"If any estate is given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, such estate shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants."

The language of the W. W. Haley will is not the same as in Banzhoff or Reeves, therefore, it "must be construed according to its own terms." Watkins v. Bennett, supra; Penick v. Lewis, 194 Ky. 231, 238 S.W. 745 (1922).

Appellees argue that other provisions in the will showing that W. W. Haley, Jr. was "a primary object of his (testator's) bounty should be considered and that this clearly reflects an intention to benefit his infant grandchild, rather than to limit to a mere life estate the property devised to him." The answer to this argument is that having made many other special provisions for this grandchild the testator may have wanted to provide for his other grandchildren on certain conditions.

Appellees rely on Cummings v. Nunn, 290 Ky. 609, 162 S.W.2d 213 (1942), in which the testator said " * * * I will to my two youngest sons, Robert Morrow and James B. Ballenger, all my real estate and at their death to their legal heirs." We held that these two sons were devised a fee simple and not merely a life estate. Appellee also refers us to a line of cases involving deeds to a named person "and her heirs after her death", or "and his heirs after him", or "and her bodily heirs after her." In each of them we held that the grantee took a fee interest and not a life estate. The cases to which they make reference are Lane v. Lane, 106 Ky. 530, 50 S.W. 857 (1899); Lawson v. Todd, 129 Ky. 132, 110 S.W. 412 (1908) and Kentland Coal & Coke Co. v. Blankenship, Ky., 300 S.W.2d 570 (1957). They contend that the language which W. W. Haley used created in W. W. Haley, Jr. a fee simple in the remainder and they argue that the principle stated in Clay v. Chorn's Ext'r, 152 Ky. 271, 153 S.W. 425 (1913), is controlling. There we said:

"An estate once given in fee will not be defeated by a subsequent provision in the same instrument limiting it to a smaller estate, unless the language of the instrument or the intention of the testator requires it, and when, upon the consid-eration of the whole instrument, the mind is in doubt as to what estate was intended to pass, that construction will be adopted which passes the fee. Burnam v. Suttle, 148 Ky. 495, 147 S.W. 3; Edwards v. Cave, 150 Ky. 272, 150 S.W. 369."

Appellees cite Winn v. William, 292 Ky. 44, 165 S.W.2d 961 (1942), which stands for the principle that " * * * early vesting of an estate is favored in the absence of a clear manifestation of a contrary intention, and the statute declaring a legacy shall be regarded as absolute and completed rather than qualified or limited if there be doubt as to which character was intended." We have answered this argument—a contrary intention was expressed.

The judgment is reversed for the entry of a judgment declaring the rights consistent with this opinion.

All concur, except REED, J., who did not sit.